May it please the court, Fran Pratt on behalf of the appellant Jerrell Thomas. The issue presented in this case is whether a pre-apprendi 848 conviction qualifies as a covered offense under the First Step Act. The answer is yes, it qualifies. In a nutshell, our argument is this. First, the 2010 Fair Sentencing Act changed the penalties for violations of 848 involving crack cocaine. And second, in light of that change, the only question in this case is whether the pre-apprendi 848 crack offense of which Mr. Thomas was convicted could have resulted in a mandatory life sentence. The answer is yes, because for defendants like Mr. Thomas, violations of 848 constituted a single offense based on a exposed every defendant to a mandatory life sentence. Consequently, because the Fair Sentencing Act modified the quantity of crack required to trigger a mandatory life sentence, a pre-apprendi violation of 848 is a covered offense. You have to deal with Terry, don't you? Yes, Your Honor. Terry does not impact the argument about pre-apprendi cases. And again, it's because before apprendi, 848, A through C defined a single offense. And the Fair Sentencing Act modified the penalties for 848, A, I'm sorry, for 848 generally, by changing the quantity of drugs required for a mandatory life sentence. So at the outset, it's indisputable that the penalties for violation of 848, A involving crack were changed by the Fair Sentencing Act. All that is correct. But in Terry, the sentence that's given us pause or give me pause is whether this Fair Sentencing Act modified the statutory penalties for petitioner's offense. And the offense here is a CCE. And looks to me, the penalties are the same for that offense. What you are speaking to are the type offenses for which there might have been modification, but it didn't change the penalty for the offense that the petitioner faced here. That's the Terry problem I'm seeing here. That's the Terry thing. And that's what I'd like for you to address. And I'm happy to. If you will bear with me, I have five points to make in connection with that argument. First, it is important to this is a pre-apprendee case. And Terry said nothing about apprendee. In fact, it was a post-apprendee case where the defendant received the protections conferred by apprendee. And the reason that it's a pre-apprendee case is important is because the elements of drug offenses today after apprendee are different from the elements of drug offenses before that decision. Before apprendee, drug weight setting statutory sentencing ranges were considered sentencing factors to be determined by a court at sentencing using a preponderance standard. They were not considered elements that had to be charged and proven beyond a reasonable doubt or admitted by a defendant at his plea. The same was true in CCE cases before apprendee. The government did not have to establish drug quantity at the guilt stage to increase a mandatory minimum because the maximum was life under both 848 A and B. In other words, before apprendee, using a method style type elements analysis, 848 defined only one statutory offense because drug weight at the time was a sentencing factor, not an element. What that means, third, what that means is that in pre-apprendee cases, all faced a statutory sentencing range between 20 years and mandatory life, depending on what the government elected to prove its sentencing. Fourth, as a result, when Mr. Thomas pleaded guilty, he was convicted of a unitary offense that included mandatory life in the statutory sentencing range. And in fact, the that Mr. Thomas, quote, did qualify for a maximum mandatory life sentence under 848 B, close quote. So fifth and finally, as well, as I was starting to argue a few minutes ago, the Fair Sentencing Act modified the penalties for 848 as a whole by changing for pre-apprendee cases by changing the amount of crack required to trigger a mandatory life sentence. So, so what I'm interested in hearing the answer to, and I appreciate your pre-apprentice reference here, but if the Fair Sentencing Act had been in place when he was sentenced, would it have altered the statutory penalty for his continuing criminal enterprise count at all? And keep in mind that it didn't modify 848 A, which is what he was indicted for. No, Judge, when in fact, if you read the indictment carefully. No, tell me, no, no. What are you saying? No to, in other words. Oh, no. If the Fair Sentencing Act had been in place, would it have altered the statutory penalty for his criminal, continuing criminal enterprise at all? Yes, Your Honor. And that's because when you read count two closely, count two specifically incorporates by reference count one and a number of other counts of particular note, it incorporates count 21, which alleged a quantity of one and a half kilos of crack. Today, the Fair Sentencing Act, under the Fair Sentencing Act, would be required to prove 8.4 kilos of crack. That is not. I accept that and I agree with everything you just said that today regarding those offenses that are incorporated. The question is the continuing criminal enterprise charge, not what it incorporated, but that in of itself with the Fair Sentencing Act have changed, altered the statutory penalty at all. Again, the penalties for count two do not depend on drug rate weights. I disagree, Your Honor. And again, this is for pre-agreed. Tell me, tell me specifically what you disagree with. I disagree that the Fair Sentencing Act did not modify the penalties for the general CCE offense. It did modify the penalty. After Apprendi, Mr. Thomas was pleading guilty to a unitary offense that included the possibility of mandatory life in the discretion of the prosecutor at sentencing. And that's because weight was a sentencing factor. After Apprendi, we know that that drug weight had to have been charged. I'm sorry, I heard some noise. And I don't think it's in my head. No, we heard it too. So, because the indictment, because count two incorporated by reference, and as essentially it says, as reprinted, as included here in count two, it alleged only 1.5 kilos of crack, which at that time was sufficient to trigger an 848B penalty in the discretion of the government if it chose to pursue it at Fair Sentencing Act, the indictment had to allege 8.4 kilos of crack in order for the government. I don't want to go into further, but I want to make sure I'm clear. He was indicted for 848A, not B, and that seems to be a big differentiator. I understand, hypothetically, he could have been indicted for something different, and yet it may have made a difference. That's not what he was indicted for. That's not what is there. And so what I see, and maybe the other side can explain if it agree or not agree, but it seems like the penalties for count two do not depend on drug weights. Your Honor, if you are referring to page 48 of the Joint Appendix, which is the tail end of the CCE charge in count two, where it says all in violation of 848A and C, that statutory reference is not binding. The body of count two incorporates a quantity of 1.5 kilos. Well, so that we agree, he was actually indicted for 848A, not B, not C. Is that correct or not? No, he was indicted for 848C. The indictment happened to specify the A penalty provision, but that was not binding. I see. So A and C, he was indicted together for those two. Yes, and there have been cases, pre-apprended cases, where the government, in fact, indicted A, B, and C. And, you know, there's, they were trying to cover the waterfront. Now, the government here didn't happen to do that, but that does not mean that a mandatory life, that the government was prohibited from, at sentencing, seeking a mandatory life sentence. As the government stated. You're saying he could have been indicted for B, and in many cases the government does, but here he was only indicted for A and C. But we should look at this as though he had been indicted for B, maybe E, and whatever else is there. Is that true? Is that where you're going with this? That's not exactly my argument. What the court needs to focus on is the body of the charge in the indictment, not the statutory references, which are not binding. There could be errors. Not a specific crime for which he was indicted for. We look at the general, what he could have been indicted for. Is that what you're saying? No, I'm saying that he was, in fact, indicted for an offense under subsection B, both because, and I'll read this. Can you tell us what you're reading from? Okay, yes, page 47, starting with Mr. Thomas's full name. Mr. Thomas did unlawfully, knowingly, and intentionally violate Title 21 USC Code Sections 841 and 846. Such violations, including but not limited to those violations alleged in the instant indictment, specifically Counts 1 and Counts 3 through 21, which counts are realleged and incorporated herein by reference, as though fully set forth in this count. Count 21 very clearly alleged a quantity of 1.5 kilos, and Count 21, Your Honor, is on page 58. So that is, you know, the government didn't literally reprint it in Count 2, but it certainly made clear that Count 21 was incorporated as though fully set forth in Count 2, and Count 21 alleged a PUID offense of 1.5 kilos of crack. Today, that quantity would not trigger subsection B. It would have to be 8.4 kilos of crack. So the disparity that Congress sought to address in the Fair Sentencing Act is baked into that Count 21, as you said, because 1.5 kilograms is required, and now there would be a whole lot more to rectify the crack powder versus base cocaine difference. Is that right? Yes, Judge Gregory, that is entirely correct. I see that my time is up. If the court has no further questions, I will reserve the remainder of my time for rebuttal. Thank you, Ms. Pratt. Mr. Cook? May it please the court? As I understand the defendant's argument at this juncture, there isn't an argument from the defense that an 848A and C offense is a covered offense after Terry. The statutory penalty range is 20 years to life for that offense, and the Fair Sentencing Act has not altered that penalty range in any respect. But you heard her explanation, and I want to make sure I heard it correctly, too, but somehow 848B was incorporated in that argument. Right. You have just taken it out by saying A and C. I want you to make sure you are addressing her specific statements, and then do that in light of Chief Judge Gregory's question in terms of this all-encompassing aspect of it. Sure. So this offense, the indictment, alleges an A and C offense. And then we know at sentencing, B was not treated as a sentencing factor because the district court found that the drug quantity in this case was 76 kilograms that were attributable to this defendant. That's Joint Appendix page 194. If B had been treated as a sentencing factor built into count two, the court would have imposed mandatory life, but the court did not. And that reflected everyone's correct understanding of the way that 848 works, which is this was an 848A and C offense. And so I don't think it is tenable in this case to say that this defendant was exposed to the B provision and that it was built into the offense because he did not receive a mandatory life sentence, and the court made the findings that would have triggered that. And moreover, we know from what the Supreme Court said in Terry that you look at offenses separately. So in Terry, an 841B1A offense and a B1B offense for crack is a covered offense, but a C offense, 841B1C offense is not. Similarly, here you distinguish the 848A and C offense from the mandatory life offense in 848B. And they are distinct offenses, and that distinct offense is not applied in this case. Do you dispute what counsel said, Ms. Pratt said about count 21 having a drug amount involved? It does allege a drug amount, but that doesn't make count two an 848B offense, and it wasn't treated as such in this case. I mean, it doesn't make it an offense. It makes it a requirement. It's an element. I don't think that's right, Your Honor. Go to 21. Why is that 1.5 kilogram not an element that's to be proven? Well, let me go. I think the easiest way... Go where I'm asking you to go right now. Tell me why that that's not an element to be proven, and it's a drug amount. I don't think that it counts as an element. Tell me what you think. Terry, what does it say? Is it stated as a requirement to be proven? I mean, no, because for the simple reason that you can have facts in an indictment that don't require you to treat it as an element. And if you look at what the Supreme Court said in Terry about... Why do you keep going to Terry? Terry, the Supreme Court... Okay, the Supreme Court, obviously, we have followed the Supreme Court. But right now, we're following something that was pre-Terry right now. And that is, are you saying on account 21 that no drug amount had to be proven? That's right, Your Honor. Now, and let me again... And Terry, what the Supreme Court said is it was commonplace and it is an accepted practice that you could take, say, a five kilogram crack case and charge it as a B1C offense. The Supreme Court said specifically that that could be done and is done. And that is exactly analogous here where you have not alleged in count two that this is an 848B offense. And again, we know that it is not an 848B offense because the facts as found establish that this could have been a mandatory life case, but it wasn't. If the defense counsel argued or right that this is governed by B, this defendant on the facts found at sentencing would have mandatory life, but he doesn't. The indictment didn't charge it and it wasn't applied. This simply isn't a case where 848B is treated as an offense element. We also know under governing law that 848B is indeed a distinct element, and that is the applicable law that governs 848. Now, there was a time where courts thought that that was not the case. But when courts construe statutes and the Constitution, they are saying what they need for all time. And so that's a well-accepted principle of law. You said illustrated most recently in the Supreme Court's opinion and Palomar Santiago goes back to cases like Rivers versus Roadway Express. When the court says what the statute means, that's what it has always meant. And we know that a mandatory life sentence has to be under 848B, a distinct element of the offense. And it wasn't charged here and it wasn't applied here. I'm trying to, Kevin, I mean, we've really gone quite, I mean, it's all in line with it, but I want to understand what's going on here in light of Terry. And if I'm understanding correctly, there's a subsection here that you say he wasn't charged for, but it was modified. And it was modified by the Fair Sentencing Act, but it didn't modify the offense, the actual offense. So that even if it was an element to be proven, the penalties that we look to aren't the penalties for that element. They are the penalties for the offense under Terry. Is that where you're going with this? I'm not sure. I may not be following your Honor's question. Terry tells us to look at. In other words, we're looking at the subsections that supported this continuing criminal enterprise. And we know that a subsection of it was modified, but you are saying it wasn't charged with that. And yet that subsection, the penalties for that would change. But when you look at the total offense, which is a continuing criminal enterprise, the penalty for the offense appears to be the same. But if I'm hearing you opposing counsel, there's an incorporation of B that she said could have been there that could have gotten a mandatory life sentence. Right. And that argument is just unsustainable under Terry. The Supreme Court said in Terry that if you had a five gram crack case and you charged it under B1C, that would not be a covered offense. The Supreme Court settled that question. This is exactly analogous. So 848A and C function materially indistinguishably for purposes of the covered offense analysis from B1C. And the fact that you could have charged an 848A and C offense as an 848B offense is exactly the same as saying you could have charged an 841B1C offense as a higher drug quantity under 841B1B. And that would have been a covered offense. But you didn't charge it, so it's not a covered offense. I mean, I don't see how under the logic of Terry, this argument the defendant is advancing could possibly work. I mean, Terry forecloses it. Mr. Cook, now talk about the underlying offense. Forget about the CCE, the one that made him qualified there. Didn't the Fair Sentencing Act modify the drug weight in that underlying conviction? I'm not sure I understand your question. He had a prior conviction, correct? I mean, he didn't have an enhanced penalty here because of a prior drug offense. Okay, okay. But did it not in the scheme of it? Again, you read out of it. You read that totally out of the scheme of the sentencing. Was it not the Fair Sentencing Act, if you say it doesn't have to be an actual conviction of an offense, but an actual conviction. Didn't the drug weights, weren't they modified by the Federal Sentencing Guideline? I may not be following your Honor's question, but it's your Honor's question. The indictment charged offenses against this defendant that were covered offenses. I agree that's true. And the fact that they were charged and could have been used, the facts of them to establish an 848A offense simply doesn't establish that his 848A offense is a covered offense. Because, again, it's exactly like the scenario of charging someone with a B1C offense that is not a covered offense when factually you could have charged a B1B offense that would have been a covered offense. Terry settles that that doesn't get you to a covered offense. Well, you know, when you look at this case, there's something else the judge did here. And that is, even if he did get the First Step Act, it would be discretionary. And the judge pretty much said he's going to go ahead and exercise his discretion right now and let you know I'm not changing it. That's true. How does that play here? I mean, what's the force of that in our decision here? I think you could affirm on that basis and just say that if it is a covered offense, it wouldn't have made a difference in this instance. In the government's response brief, we did say, look, if that was something the district judge said in denying the reconsideration motion that the defendant filed. And it is not a highly developed point on which there was a lot of argument back and forth. I could see out of fairness having the court consider that in greater detail on remand. But the reality is that the Fair Sentencing Act would not have had a material effect in this case. It doesn't change the statutory penalties. This defendant did not get mandatory life. You know, I think about this case, and you have a judge who says that. You know, I suppose you could do it more artfully or more directly and says, OK, I'm inclined not to grant this act. But let's say I'm going to go ahead and do it. But in my discretion, now I'm going to go ahead and proceed as though I did do it and then simply say I'm going to do it. I'm going to just keep the sentence as it is. Which essentially, I guess that's what he's saying. So you say that could be a grounds for affirmance. But it seems to be a ringer for an affirmance if you approach it from that perspective. I mean, it's not the situation. We, of course, have cases in which we have said that if a judge says, well, OK, like an enhancement error was made, that even though it was made, he would have entered the same sentence. And we've had cases that say, OK, that's enough. And I don't know how this is different, but it seems even stronger here because this is clearly within the discretion to get First Step Act relief. It's a discretionary thing. There's even if you even if you win it, you don't get relief unless the judge wants to give it to you. And he says, no, I'm not going to give it. I agree. And I would add to that that this defendant's sentence is not being determined by a statutory mandatory minimum. You didn't get the life sentence. You had a range 20 years to life. He continues to have a range of 20 years of life. And the guidelines in this case have not changed under current law. Under current law, he continues to have exactly the same 360 month to life guideline range that he had when he was originally sentenced. Even under the Fair Sentencing Act, the drug quantities in this case, which are 76 kilograms, yield the very same guideline range. So this is it's quite understandable that a district judge would look at this and say, you know what? Nothing is different. You apply everything the same with or apply all of current law. I would still impose the same sentence.  But the fundamental point is there simply isn't a covered offense here because the statutory penalty range is exactly the same. It's 20 years to life. The Fair Sentencing Act had no bearing on the statutory penalty range for this offense. Unless the court has further questions, I'll ask that you affirm. But I'm happy to address any further points to analyze. Have you come across cases with a similar fact where this argument has been made since Terry? There might be some district court opinions, but I don't have a court of appeals. Western District of Virginia? You haven't seen that court opinion? You know it is. I have a vague familiarity with that one, but it's not finding precedent. I think the basic framework from Terry is very clear here and forecloses treating this offense as a covered offense. Did Terry vacate and remand a bunch of cases? I think there were some that were, you know, sent back to lower courts as a result of it. But the government's position was that before Terry that a B1C offense is a covered offense. We were not bringing cert petitions on that point. So there weren't like a bunch of cases the government had lost that we were saying, please re-examine. And so I think that significantly... How did the court come to decide what it did? In Terry? Yeah. The court appointed an amicus to argue the point that B1C is not a covered offense. And then the court agreed with the amicus. And so the Solicitor General took the other side? That's right. Actually, the Solicitor General's office took both views. Initially, the Solicitor General's office took the position that B1C is not a covered offense. That was the position when this court issued its opinion in Woodson, rejecting the government's view. At the time of the briefing in Terry, the government changed its position and said, no, B1C is a covered offense. At that point, the Supreme Court appointed an amicus. And then the Supreme Court agreed with the amicus and the government's former position. No wonder I'm so confused. Thank you. Well, since you've got a minute, why don't you tell us a little bit about this pre-apprendee argument that was made? I don't think that the apprendee line of cases makes a difference in how you analyze the covered offense inquiry. First of all, again, that's not what happened in this case. Nobody thought that 848B was a sentencing factor. If they did, this defendant would have gotten mandatory life. So if the defendant's argument is apply the incorrect defense elements and my guy wins, that wasn't what happened here. The correct elements were applied. My second point would be that as a matter of law, when courts construe statutes in the Constitution, they are saying what they always meant. And so in this case, it is always true that 848B is an element that creates a distinct offense. That's just follows from cases like the Rivers vs. Broadway Express principle that the Supreme Court reaffirmed in Palomar, Santiago, and cases like Danforth vs. Minnesota constitutional law. When the court construes a constitution, it's what it always means. So there's that point. Another point that I would make is that the defendants, well, Terry itself, when it spoke about the elements of 841, it said before 2010, when the Fair Sentencing Act, the elements were and then described the elements of 841A and B. And those elements built in what we know Apprendi law has done to our understanding of 841. The Supreme Court didn't say between Apprendi and 2010, here are the elements. It said here's the elements that were in effect before 2010. So Terry itself undercuts the notion that you would create some kind of dividing line with Apprendi. The last point I would make about it is this is a really bad way to approach the statute from a practical standpoint, because what it would send courts off to do is to try to figure out in a circuit's law when a shift in the interpretation of 848 occurred. And that's going to be very hard to discern. And it's going to produce a lot of arbitrary results where a defendant with an 848A and C offense in one circuit at one point in time is going to get relief and another circuit isn't. And on the government's interpretation, which is that the elements are what they are and they've always been, every defendant subject to an 848B mandatory life sentence will have an opportunity to come in and say I was subject to that sentence. 848B creates a distinct crime and I should it should be treated as a covered fence and I should get relief. So I don't think the government's view produces any kind of unfairness that precludes anyone from getting relief who is actually subject to the mandatory life sentence. The defendant's view is just I think at war with the way we approach statutory interpretation is very difficult to apply and in any case doesn't reflect what happened in this case at all. All right. Thank you, Mr. Cook. Ms. Pratt, you have some time reserved. Thank you, Your Honor. With regard to Terry, Terry simply did not address the issue. It had no need to because Mr. Terry was prosecuted in 2008, well after Apprendi made clear the drug quantity was an element. What this case, in fact, is like is 924C. There, up until Elaine, the government didn't have to prove any fact that increased the mandatory minimum. So, for example, a defendant would be advised at sentencing, I'm sorry, at his plea that he faced a range of 10 years to life. And then lo and behold, at sentencing, he gets a mandatory minimum of 7 or 10 years, depending on if the government proves a brandish or discharge. Next, to prove even a basic C offense, which is the provision that, in fact, defines the CCE offense, to prove it as charged, the government didn't have to incorporate references to any other counts. So, it happened to, but that's not necessarily critical. And the point is, before Apprendi, any defendant convicted of 848C was potentially subject to a B penalty. And whether to seek a mandatory sentence was a question of the government's discretion. And the government here, notwithstanding the judge's findings, chose not to, so far as we can tell, chose not to seek a mandatory sentence. Judge Wynn, in terms of your questions concerning an alternative ruling, when the, what Judge Dumas was addressing was the guideline range, in fact, the guideline range didn't change. That is a 3553A factor for the court to consider when deciding the extent of any reduction after the eligibility determination. Because of the judge's finding of ineligibility, the district court simply never did a full 3553A analysis. Because he declined to report to counsel, there was no mitigating evidence put on, nothing about, say, Mr. Thomas's record in prison, that kind of thing that is typically considered as part of the 3553A factors. So, if we absolutely do request a remand on that basis. And furthermore, there is still harm, because the term of imprisonment could still be reduced to time served, and the five-year term of supervised release could be imposed, or could also be reduced. So, you're saying it was an abuse of that discretion to review those guidelines and find nothing changed, and then deny relief? The fact that the guideline range didn't change is simply one consideration, and there are other considerations. And the judge didn't consider anything else. He didn't consider the nature of the offense, or more to the point, he didn't consider Mr. Thomas's history and characteristics. And I'm sorry, returning to the, let's see, I'm trying to read my notes here. Well, on that point, I just think that's important, because I understand the First Step Act, if it is granted, it is basically entirely discretionary up to the judge whether to do it. It is. Which is, which all the factors that you bring up, and of course, this is the first time we're hearing it, I don't think you put it in your brief about, you know, the judge not doing all those things. But that's all well and good, I mean, but I'm concerned in terms of, well, what happens if you get first step relief, and the judge says, you know, my discretion, it's my discretion I choose, I've looked at it and considered it, and like, I'm just not going to do anything. And we've got a case pretty much on point, so the judge can pretty much do that. That is correct, Judge Wynn. And that's what he said he was doing. He said, even if you got this relief on the first step, in my discretion, I would not give him relief. And I think the judge was basically saying that because the guideline range didn't change, he would not give relief. But that was without considering the other 3553A factors. Let me just go back to one final point concerning Terry and whether or not the guideline range changed. And I'd like to offer up this example. Let's say that there is a defendant who is charged under 841A1A with a 50-gram offense, crack offense. He has one prior conviction, so he's facing a mandatory minimum of 20 years to life. Under 841, and he gets 25 years. Under 841, after the Fair Sentencing Act, he would be looking at a range of 10 years to life under 841B1B based on one prior conviction. So the maximum, you know, the range is effectively the same, given that he got a 25-year sentence. But there's no question that that defendant would be found eligible. And the same holds true, the same analysis applies here. And for that reason, excuse me. And so for that reason, we believe that the sentencing range with Mr. Thomas' 848 offense was not simply 20 years to life. Rather, it included mandatory life. That range was modified by the Fair Sentencing Act's changes to the triggering quantity of crack in 841B1B. As a result, his offense is a covered offense. And accordingly, this court should find Mr. Thomas eligible under 841A, I'm sorry, under 404A, reverse the district court's finding of ineligibility, and vacate and remand this case. Thank you. Thank you, Ms. Pratt. And thank you, Mr. Cook, for your arguments and your being here. We'd love to come down and shake your hand, but we cannot. But please know that we appreciate your being here and your arguments and wish you well and be safe. Thank you so much.
judges: Roger L. Gregory, Diana Gribbon Motz, James Andrew Wynn